O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KEIKI CONWAY,<br><br>              Plaintiff,<br><br>       v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security<br>Administration,<br><br>              Defendant. | Case No. EDCV 10-00411-MLG<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Keiki Conway seeks judicial review of the Commissioner's final decision denying her application for Social Security Disability Insurance benefits ("DIB"). For the reasons set forth below, the decision of the Social Security Commissioner is reversed, and the matter is remanded for further proceedings consistent with this opinion.

**I.  Background**

Plaintiff was born on September 1, 1958. (Administrative Record ("AR") 104.) She graduated from high school and completed one year of college. (AR 131.) Plaintiff has worked as a bus driver, postal clerk and sales representative (AR 127.)

Plaintiff filed an application for disability benefits on February 12, 2008, alleging that she had been disabled since November 15, 2007 due to discogenic and degenerative back impairments. (AR 43, 104-108.) Plaintiff's application was denied initially on June 18, 2008, and upon reconsideration on July 14, 2008. (AR 44-48, 50-54.) An administrative hearing was held on October 19, 2009, before Administrative Law Judge ("ALJ") F. Keith Varni. Plaintiff, represented by counsel, testified at the hearing, as did vocational expert David Rhinehart. (AR 23-39.)

On November 24, 2009, ALJ Varni denied Plaintiff's application for benefits. (AR 9-16.) The ALJ found that Plaintiff had not engaged in substantial gainful activity during the period at issue, except for a period from January 1, 2008 through February 29, 2008. (AR 11.) The ALJ further found that the medical evidence established that Plaintiff suffered from the following severe impairments: thoracic spinal stenosis, status post thoracic laminectomy, right ankle sprain/strain, status post operative ligamentous repair, and obesity. (Id.) However, the ALJ concluded that Plaintiff's impairments did not meet, or were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Id.) The ALJ next found that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 C.F.R. 404.1567(b) and SSR 83-10 except the claimant [can] lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk two hours in an 8-hour workday; she can sit 6 hours in an 8-hour workday; she no [sic] push and/or pull limitations, other than as shown for lifting and/or carrying; and she is limited to occasional climbing and walking on uneven ground.

(AR 12.) The ALJ determined that Plaintiff was able to perform her past relevant work as a mobile lounge driver. (AR 15.) The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(f).

On January 22, 2010, the Appeals Council denied review (AR 1-3) and Plaintiff timely commenced this action for judicial review. On September 28, 2010, the parties filed a Joint Stipulation ("Joint Stp.") of disputed facts and issues. Plaintiff contends that the ALJ erred by: (1) failing to properly develop the record and (2) failing to give clear and convincing reasons for discounting Plaintiff's credibility. (Joint Stp. 2.) Plaintiff seeks a reversal of the Commissioner's denial of her application and payment of benefits or, in the alternative, remand for a new administrative hearing. (Joint Stp. 18.) The Commissioner contends that the ALJ's decision should be affirmed. (Joint Stp. 19.)

After reviewing the parties' respective contentions and the record as a whole, the Court finds that the ALJ failed to make a legally sound credibility determination. Accordingly, this matter shall be remanded for further proceedings consistent with this opinion.[1]

**II. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal

---

[1] Plaintiff also contends that the ALJ erred by failing to develop the record regarding a leg fracture Plaintiff suffered the week before the administrative hearing. (Joint Stp. 3.) If Plaintiff believes that this injury has an impact on her disability status, she may seek to amend her DIB application or file a new one.

error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

Plaintiff contends the ALJ erred by failing to provide clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. (Joint Stp. at 35.) To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. *Lingenfelter*, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator

may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain is reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).[2]

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. *Id*. (citations omitted).

---

[2] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy .... Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell*, 947 F.2d at 346 n.3.

1    Plaintiff testified at the administrative hearing that she cannot
2 sit for more than 15 minutes, cannot stand for more than 30 minutes,
3 cannot walk farther than her mailbox and cannot lift a gallon of milk
4 unless leaning on something. (AR 28, 31, 34.) She further testified that
5 she has been falling frequently and had actually fallen the week before
6 the October 29, 2009 administrative hearing, sustaining a "spiral
7 fracture" of her leg. (AR 29.) She also testified that she usually uses
8 a cane to walk, which was prescribed for her after foot surgery in March
9 2008. (AR 28.)

10    The ALJ found that Plaintiff's medical impairments could reasonably
11 be expected to produce the alleged symptoms. (AR 13.) The ALJ was
12 therefore required to provide specific, clear and convincing reasons for
13 rejecting Plaintiff's subjective allegations of pain and functional
14 limitations. Here however, the ALJ did not provide any specific reasons
15 for rejecting Plaintiff's testimony, but rather merely stated that "the
16 objective medical evidence does not support the alleged severity of
17 symptoms or more restrictive functional limitations," without specifying
18 what medical evidence in the record contradicts Plaintiff's subjective
19 complaints. (AR 15.) *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir.
20 2005) (noting that "lack of medical evidence cannot form the sole basis
21 for discounting pain testimony").

22    In support of the argument that the ALJ properly addressed
23 Plaintiff's subjective complaints, the Commissioner points to other
24 evidence in the record which allegedly discredits Plaintiff's subjective
25 statements. (Joint Stp. 16-17.) For example, the Commissioner notes that
26 Plaintiff alleged a disability onset date of November 15, 2007, but
27 continued to work as a sales representative through February 2008 and
28 sought employment as late as June 2008. (Joint Stp. 16.) The

Commissioner also contends that Plaintiff was not credible because she accepted unemployment benefits, which implies an ability to work. (Id.) However, even assuming that these are sufficient reasons for the ALJ to reject Plaintiff's subjective complaints, the ALJ did not cite this evidence in support of his credibility determination, as the Commissioner himself concedes. (Joint Stp. 16-17.) It would be error for this Court to affirm the ALJ's decision based upon reasons that the ALJ did not discuss. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

## IV. Conclusion

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett*, 340 F.3d at 876 (remanding case for reconsideration of credibility determination).

Here, the ALJ failed to explain with sufficient specificity the basis for his determination that Plaintiff was not fully credible regarding the intensity, persistence, and limiting effects of her

7

symptoms. Accordingly, the case is remanded for further proceedings consistent with this opinion and order.

DATED: October 1, 2010

_____
Marc L. Goldman
United States Magistrate Judge